EDGAR L. RYDER, as Assignee, etc., Respondent, v. JOHN DUFFY, Sheriff, etc., Appellant.

*Assignee for the benefit of creditors — immediate possession of the assigned property — unpaid debt — title of a husband to money sent to the wife.*

Upon the trial of an action brought by an assignee for the benefit of creditors against a sheriff for the recovery of possession of certain property taken by the latter under an execution, it was shown that the assignee took immediate possession under the assignment of the assigned property; that such property was immediately advertised for sale at public auction, and in the interval of eight or ten days the assignee sold the property at private sale, the assignor at the request of the assignee aiding in putting up the goods sold, for which the assignee received the purchase price. The assignor was in and about the store, but had no control whatever over the sales.

*Held*, that there was a complete failure to show that an immediate possession was not taken and held by the assignee.

A debtor sent to his creditor, who was his sister, a check for the amount of his indebtedness, intending the same as a present; and such check was received by the sister's husband without her knowledge.

*Held*, that the debtor still owed such debt and that the husband obtained no title to the check so received by him.

APPEAL by the defendant, John Duffy, sheriff of Westchester county, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 1st day of July, 1893, upon the verdict of a jury, directed by the court at the Westchester Circuit, and also from an order entered in said clerk's office denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover certain chattels taken by the defendant from the possession of the plaintiff as assignee of one Edward Nolan, under a general assignment for the benefit of creditors, which contained, among others, the following provision :

*Second*, to pay to James O. Driscoll, of Canton, County of St. Lawrence, State of New York, the sum of $1,000, with interest from July 20, 1890, due and owing from said party of the first part for moneys loaned, if the residue of said proceeds shall be sufficient for that purpose except to the amount of one-third in value of the assigned estate left after deducting such wages or salaries as provided by chapter 328 of Laws of 1884, as amended by chapter 283

of Laws of 1886, and the expenses of executing such trust as aforesaid, and should one-third of the assets of the assignment be insufficient to pay in full this preferred claim, then said assets shall be applied to the payment of the same *pro rata.*

*William Romer,* for the appellant.

*Smith Lent,* for the respondent.

BARNARD, P. J. :

Edward Nolan, on the 6th of July, 1892, made a general assignment to the plaintiff. The assignor was a grocer, and his stock of groceries passed by the assignment. There was preferred in the assignment a debt of $1,000 to James O. Driscoll for money loaned by Driscoll to the assignor, as was stated in the assignment. On the 12th of July, 1892, the sheriff, by virtue of an attachment against the property of the assignor, took the property in question from the possession of the assignee. The sheriff justifies the seizure by an averment that the assignment was made by Nolan with intent to defraud his creditors, and that the property was the property of the assignor at the time of the seizure. Upon the trial the assignment was proven, and the fact that immediate possession of the assigned property was taken by the assignee, and that the property was immediately advertised for sale at public auction. In the interval, some eight or ten days, the assignee sold the property at private sale, and the assignor aided in putting up the goods sold, at the request of the assignee, for which the assignee received the purchase price. The assignor was in and about the store up to the sale at public auction, but had no control whatever. There is, therefore, a complete failure of proof tending to show that an immediate possession was not taken and held by the assignee.

The assignor's wife is a sister of Driscoll. Before her marriage she was her brother's housekeeper and he owed her $1,000 for that service. He sent her a check for this sum, which the sister handed over to her husband. Driscoll intended this $1,000 as a gift to the assignor's wife, but she never accepted it as such, and never even knew of his intention. As the case stands Driscoll owed his sister $1,000 for services. He sent a check, which was received by the assignor. He intended this to be a present to the wife, but she

knew nothing about it.   Driscoll still owes his debt to his sister and the assignor has never obtained any title to the $1,000.

The preference of the debt in the assignment is, therefore, just and legal, and the judgment should be affirmed, with costs.

DYKMAN, J., concurred.

Judgment and order denying new trial affirmed, with costs.